BELSOME, J.,
concurs in the result and assigns reasons.
LI respectfully concur with the majority. While I agree that the trial court was divested of jurisdiction to entertain the request for declaratory relief once the first appeal was granted; I write separately to further discuss the application of La. C.C.P. art. 2088.
In its opinion, the majority states that this case is not the type of matter that warrants continued jurisdiction after appeal, as set forth in Article 2088. However, it is important to note that the list of circumstances enumerated in Article 2088 is not intended to be exclusive. See State Through Dept. of Soc. Services on Behalf of Harden v. S. Baptist Hosp., 94-2228, pp. 6 (La.App. 4 Cir. 10/12/95), 663 So.2d 443, 448, writ denied, 95-2751 (La.1/26/96), 666 So.2d 676 (citation omitted). Under the' express provisions of the article, the trial court retains jurisdiction over any matter that is “not reviewable under appeal.” Id. This language, “not reviewable under the appeal,” has generally been interpreted to give the trial court | ¡¡continuing jurisdiction over all issues that are “unaffected by the appeal,” even if the issue is not specifically listed in La. C.C.P. art. 2088. State Through Dept. of Soc. Services on Behalf of Harden, 94-2228 at pp. 6-7, 663 So.2d at 448-49 (citations omitted).
Since the request for declaratory relief involves matters reviewable on appeal, the court was divested of jurisdiction to consider and rule upon those issues. Accordingly, I concur in dismissing the second appeal and join in the majority in all other aspects of its opinion.